## A. H. BULL S. S. CO. v. UNITED STATES.

District Court, S. D. New York. July 5, 1927.

Admiralty ⬀50—Cargo owner may intervene in shipowner's libel in personam against United States as owner of dredge for damages from collision (Public Vessels Act of 1925 [46 USCA §§ 781–790]; Suits in Admiralty Act [46 USCA § 743]).

Under Public Vessels Act of 1925 (46 USCA §§ 781–790 [Comp. St. §§ 1251¾–1 to 1251¾–10]), and Suits in Admiralty Act, § 3 (46 USCA § 743 [Comp. St. § 1251¼b]), the owner of a ship's cargo may intervene in shipowner's libel in personam against the United States to recover damages to vessel and cargo resulting from collision with government owned dredge.

In Admiralty. Libel by the A. H. Bull Steamship Company against the United States. On exceptions of respondent to intervening petition of the National Sugar Refining Company of New Jersey. Exceptions overruled.

Harry D. Thirkield, of New York City, for petitioner.

Charles H. Tuttle, U. S. Atty., of New York City (Horace M. Gray, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

THACHER, District Judge. The libelant herein, as owner of the steamship Clare, and as bailee of the cargo laden thereon, filed its libel in personam against the United States of America as owner of the dredge Chinook in a cause of collision, seeking to recover damages sustained by reason of injuries to its vessel and to the cargo laden thereon resulting from the collision. The cargo owner has now filed its petition seeking to intervene pro interesse suo, and is met by exceptions filed by the respondent as follows:

"First. The Public Vessels Act, approved March 3, 1925, provides that suits against the United States under said act may be commenced only by original libel, and does not contemplate the procedure herein attempted by the petitioner.

"Second. It fails to allege that the Chinook was not within the waters of the United States at the time said petition was filed.

"Third. It fails to allege that the Chinook was within this district at the time said petition was filed."

The right of the original libelant to sue under the Public Vessels Act of 1925, approved March 3, 1925 (46 USCA §§ 781–790 [Comp. St. §§ 1251¾—1 to 1251¾—10]), not only for damages to its own vessel, but for cargo damage in behalf of the owner of the cargo, is not questioned, nor is the propriety of intervention by the cargo owner in such a suit against a private party open to doubt. The Beaconsfield, 158 U. S. 303, 15 S. Ct. 860, 39 L. Ed. 993. The exceptions, therefore, must fail, unless they find support in the statute under which the suit is brought. But no support is there to be found, for it is there provided that suits brought against the United States pursuant to the Public Vessels Act of 1925 shall be subject to and proceed in accordance with the provisions of the Suits in Admiralty Act, approved March 9, 1920 (46 USCA §§ 741–752 [Comp. St. §§ 1251¼–1251¼l]), which in turn provides that "such suits shall proceed and shall be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties." Section 3 (46 USCA § 743 [Comp. St. § 1251¼b]).

The filing of a petition of intervention is not the commencement of an original suit. The original suit being well founded, and the cargo owner being entitled to intervene according to "the rules of practice obtaining in like cases between private parties," the exceptions necessarily fail. It may be added that in cases of collision it is of the utmost importance, in order to avoid circuity of action, that the rights of all concerned should, in so far as possible, be determined in a single suit. There is certainly nothing in the statute from which an intention can be inferred to exclude the owner of the cargo from a suit brought in his behalf by the owner of the vessel to recover damages to his property.

The exceptions will be overruled.